# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: April 3, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \*

LISA LEBRON *on behalf of* L.L., *a minor child*,     \*

       Petitioner,     \*

v.     \*

SECRETARY OF HEALTH
AND HUMAN SERVICES,     \*

       Respondent.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

No. 16-1329V

Special Master Gowen

Attorneys' Fees and Costs;
Special Master's Discretion

Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 12, 2016, Lisa Lebron ("petitioner"), on behalf of L.L., a minor child, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that L.L. suffered from reactive inflammatory arthritis as a result of DTaP, MMR, polio, and varicella vaccines administered on March 8, 2014.  Petition at ¶¶ 3, 12, [ECF No. 1]; Stipulation at ¶¶ 1,4, [ECF No. 34].  On February 9, 2018, I issued a decision awarding petitioner compensation based on the parties' stipulation.  Decision on Stipulation, [ECF No. 35].

On February 27, 2018, petitioner filed a motion for attorneys' fees and costs.  Pet. Motion, [ECF No. 39].  Petitioner requests a total of $29,333.20 as reimbursement for attorneys' fees and $1,912.42 as reimbursement for costs.  Pet. Motion at ¶¶ 3, 6.  Thus, petitioner requests a total of $31,245.62 as reimbursement for attorneys' fees and costs.  *Id.* at ¶ 9.  In accordance

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

with General Order #9, petitioner's counsel filed a statement representing that petitioner has not incurred any costs in pursuit of this claim.  Pet. Ex. 17.

On March 1, 2018, respondent filed a response to petitioner's motion.  Resp. Resp., [ECF No. 40].  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On March 1, 2018, petitioner filed a reply to respondent's response.  Pet. Reply, [ECF No. 41].  Petitioner argues that respondent provided no precise objection to her motion and that she has met her burden of establishing that she is entitled to an award of reasonable fees and costs.  *Id.* at 2-4.

This matter is now ripe for adjudication.

The hourly rates requested by petitioner's counsel are well within the range of hourly rates I found reasonable for an attorney of her experience in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and I have previously found her requested hourly rates for 2015-2017 to be reasonable.  *Proctor v. Sec'y of Health & Human Servs.,* No. 16-1412V, 2018 WL 945858 (Fed. Cl. Spec. Mstr. Jan. 26, 2018).  As the hourly rate requested by petitioner's counsel for 2018 is also within the appropriate *McCulloch* range for an attorney of her experience, I also find her 2018 rate of $396 per hour to be reasonable.

I have reviewed the billing records and invoices submitted with petitioner's motion.  The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  The expenses incurred are well-documented and based on my experience they appear reasonable.  I find no cause to adjust the time expended or the costs.  Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $31,245.62, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Diana Stadelnikas, of Maglio Christopher & Toale, PA.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of

the Court **SHALL ENTER JUDGMENT** herewith.[3]

      **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.